FILED
DISTRICT COURT OF GUAM
APR 3 0 2007
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DUANE ANTHONY CALVO,<br><br>Defendant - Appellant. | No. 06-10118<br>D.C. No. CR-05-00116-LAB<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REMANDED**.

Filed and entered 03/30/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
APR 2 3 2007
by: Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. DUANE ANTHONY CALVO, Defendant - Appellant. | No. 06-10118 D.C. No. CR-05-00116-LAB MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 12, 2007
San Francisco, California

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

Appellant Duane Calvo entered a guilty plea for attempted possession of methamphetamine hydrochloride with intent to distribute. He was sentenced to 180 months of incarceration. On appeal and through a different attorney, Calvo now raises nine issues and sixteen sub-issues challenging his sentence. We need

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

not address all of the issues raised by Calvo, however, because we conclude that the conflict of interests created by Calvo's attorney's dual representation of both Calvo and the confidential informant ("CI") who assisted in Calvo's arrest requires resentencing.

The record is "sufficiently developed" to permit review of the dual representation and conflicting interests. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000). Calvo's arrest stemmed from information from the CI who told Drug Enforcement Agency ("DEA") officials that Calvo had contacted the CI in an attempt to receive "ice," a form of methamphetamine. Through an arrangement by the DEA, the CI later met with Calvo at a hotel where the CI offered him two kilograms of look-alike methamphetamine. During Calvo's sentencing, the sentencing judge became concerned because "there's a certain arbitrariness when the amount of drug dictates the penalty, and the amount originates with law enforcement." The district court attempted to determine the amount of drugs that Calvo had received from the CI in the past and whether that amount triggered the statutory minimum sentence. *See* 21 U.S.C. § 841(b) (2006). At that point, Calvo's attorney disclosed that he was aware of Calvo's past interactions with the CI because he was simultaneously representing the CI. Calvo's attorney stated that he had seen the CI "yesterday."

Because Calvo's conviction and resulting sentence based on a large amount of ice would benefit the CI's ability to demonstrate substantial assistance to law enforcement and because any attempts to cross-examine the CI could reduce the informant's ability to demonstrate such assistance, Calvo's attorney's simultaneous representation of Calvo and the CI constituted an active conflict of interest. *See Washington v. Lampert*, 422 F.3d 864, 872 (9th Cir. 2005); *United States v. Christakis*, 238 F.3d 1164, 1168-69 (9th Cir. 2001).

Calvo also established that the active conflict of interest had an adverse impact on his attorney's performance. *See id.*; *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) (the defendant must show "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests" (citations omitted)). Calvo's attorney withdrew his objection to the quantity of ice Calvo had previously received from the CI. That withdrawal was based on the CI's previous testimony of an amount that triggered the statutory minimum sentence. Moreover, the district court acknowledged on the record that Calvo's attorney could not cross-examine the CI. Cross-examination would be the most effective means to dispute the drug quantity Calvo had previously received.

3

Because Calvo's attorney had an active conflict of interest that had an adverse impact on his performance, Calvo is entitled to resentencing.

REMANDED for resentencing on an open record.

4

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 2 3 2007

by: _____
Deputy Clerk