

duanecalvo.mem

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
DEC - 4 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUANE ANTHONY CALVO, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 05-00016 <br><br> UNITED STATES MEMORANDUM CONCERNING DEFENDANT'S RESPONSE TO PRESENTENCE REPORT |

Defendant pled guilty to two kilos of ice, as defense counsel admitted during his guilty plea. "Ice" is a legal term with a particular meaning. USSG § 2D1.1, Note C defines "ice" as a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity. By advising the judge that he intended to purchase "ice," defendant admitted the quality of the substance. Defendant also agreed that the quantity was "two kilos." It is irrelevant that the indictment pled "approximately" two kilos, or that it did not specify the substance was ice. On the record, defendant specifically pled guilty to attempted possession with intent to distribute two kilos of ice.

//

1

# I. THE GOVERNMENT HAS THE RIGHT TO A JURY TRIAL ON THE ISSUE OF DRUG QUANTITY

Defendant was sentenced by Judge Burns for attempting to deal in two kilos of ice. Now defendant wants to argue that this was not his guilty plea. The answer is, if it was not, then the court needs to vacate the plea and set the matter for trial. **The decision on what Calvo pled guilty to, cannot wait until sentencing.**

Although defendant pled guilty without benefit of a plea agreement, the government did not object because he admitted the facts which the government could prove, had defendant gone to trial. The government is entitled to present the crimes charged in the indictment to a jury for resolution. Had defendant attempted to plead to a lesser quantity or quality, the government would have objected and requested that a jury be convened to hear its evidence. *See* Ohio v. Johnson, 467 U.S. 493 (1984), where the defendant was charged with murder and was allowed, over state objection, to plead guilty to manslaughter. "[E]nding prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws." Id. at 502. The defendant could not "use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." Id.

It is well-settled that the quantity of drugs is a sentencing factor, rather than a separate element of the offense. Thus, for example, possession with intent to distribute 30 grams of ice is not a lesser included of possession with intent to distribute more than 50 grams: the amount only affects the mandatory minimum and maximum sentences. Although drug quantity is not an "element" of the charge, however, the courts have made it very clear that drug quantity is an issue which either the defendant must admit, or a jury must find beyond a reasonable doubt. United States v. Buckland, 289 F.3d 558 (9th Cir. 2002). If defendant refuses to admit that he attempted to possess two kilos of methamphetamine hydrochloride of at least 80% purity, the government is entitled to try this issue to a jury, and sentencing must be postponed until the jury, (or the court if defendant waives a jury trial) determines the quantity at issue, United States v. Banuelos, 322 F.3d 700 (9th Cir. 2003); United States v. Thomas, 355 F.3d 1191 (9th Cir. 2004).

2

Either way, however, the government is entitled to have a full and fair opportunity to prove the amount of drugs involved in this case, which it is thoroughly prepared to do.

## II. SENTENCING ENTRAPMENT

Defendant pled guilty, without benefit of a plea agreement, to an indictment which charges that he attempted to possess with intent to distribute approximately two kilos of methamphetamine hydrochloride. The DEA reports concerning his initial meeting with the informant, Kimmie Dang, and his meeting at the Holiday Inn Hotel, are attached hereto as Exhibits 1 and 2. A copy of the few drug records found in Dang's residence on November 13, 2003, reflect her dealings with "Duinn" between September 1, 2003, and October 17, 2003 (Exhibit 3). Dang will testify that she and her confederates were bringing ice in from Hong Kong in liquid form, and then converting it to the crystals commonly sold on Guam. When officers executed a search warrant on the apartment where Dang was living with her cohorts, she was in the kitchen "cooking:" she will testify that she converted the liquid ice by pouring it into a pan or pyrex dish, heating it on the stove, then putting the dish in the refrigerator, where the liquid crystalized as it cooled. This explains the conversation she had with Calvo in Exhibit 1, when he and Troy Santos told Dang they would rather she convert the liquid ice to a crystalline form before delivering it to them. As stated previously, Dang will also testify to the amount of ice which Calvo was distributing for her organization.

At the first sentencing, the Honorable Larry A. Burns caught the parties off-guard by raising *sua sponte* the issue of sentencing entrapment. At page 23 of the sentencing transcript, he acknowledged that defendant did not raise the standard entrapment defense. That is, Calvo did not dispute that he had the requisite predisposition to traffic drugs for Dang (see the Ninth Circuit Manual of Model Criminal Instructions, 6.2). Judge Burns noted, however, that reverse stings have historically been a subject of "discomfort," because the mandatory minimum sentence is tied to the amount and the "amount originates with the government."

Sentencing entrapment occurs when the defendant, "although predisposed to commit a

3

minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir. 1994), *citing* United States v. Stuart, 923 F.2d 607, 614 (8th Cir. 1991). Defendant has the burden of proving that he did not have the intent or the resources to complete the deal which is the subject of the charge. United States v. Steward, 16 F.3d 317, 321-22 (9th Cir. 1994).

United States v. Naranjo, 52 F.3d 245 (9th Cir. 1995), is an excellent example of how these things usually go. An informant, working for a reduced sentence, told the DEA that Nartanjo was a cocaine trafficker. He made 40 telephone calls, attempting to buy from Naranjo, who consistently refused. Then the DEA proposed a reverse operation, instructing the informant to tell Naranjo he could introduced him to a source of supply. The DEA was aiming for a 10-20 kilo purchase but the informant said Naranjo could never handle such an amount, and suggested a one or two-kilo buy. The DEA suggested five kilos at a meeting with the informant and an undercover agent, but during subsequent meetings Naranjo demonstrated he could only buy one kilo, whereupon the DEA agreed to front him the other four. After a sham delivery, Naranjo was arrested and charged with conspiracy to possess with intent to distribute five kilos. The district court rejected Naranjo's defense of sentencing entrapment, and he appealed. The Ninth Circuit remanded, because the district court had failed to make an adequate record for its rejection of Naranjo's defense. Of particular concern was the district court's conclusion that Naranjo had been heavily involved in drug trafficking in the past, but Naranjo had no prior arrests, and the DEA could only proffer it's "belief" that he was a major dealer.

It is important that the sentencing court make an adequate record on this issue. In United States v. Parrilla, 114 F.3d 124 (9th Cir. 1997), the informant had been provided a gun and instructed to offer it to Parrilla in exchange for cocaine. The recordings of their meetings did not reveal any discussion of the gun. Parrilla was arrested and charged both with distribution of the cocaine and using a gun during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Although the government ultimately dismissed the gun count, and Parrilla pled to the drug

4

distribution, the government proposed the two-level enhancement under USSG § 2D1.1(b)(1). Parrilla countered with the defense he had been entrapped into possessing the gun, which was rejected. On appeal, the court held that the enhancement could not apply if Parrilla had in fact been entrapped into taking the gun, citing <u>Staufer</u>, 38 F.3d at 1107, that the defendant's sentence should reflect "his predisposition, his capacity to commit the crime on his own, and the extent of his culpability." It remanded because the sentencing court had failed to make adequate findings on the entrapment issue.

If defendant wants to raise the entrapment issue at sentencing, he will have to prove by a preponderance of the evidence that he was not predisposed, not capable and lacked the intent to dispose of two kilos of ice. His prior conviction for drug trafficking can be considered by the court. It is clear from his initial conversation with Dang, where he requested that she reduce the liquid ice to crystals, that he was thoroughly familiar with her operation. Dang will testify that Calvo was their major distributor. The government will introduce the DEA reports of Calvo's interview, where he admitted trafficking kilos of ice to various individuals, and receiving hundreds of thousands of dollars in profits. It is significant that he did not expect to have any trouble selling this two kilos: he intended to contact a former distributor, Luis Hocog Cruz, who used to move one-kilo quantities for him. In short, the two kilos offered to Calvo accurately reflected his capabilities and his prior drug trafficking.

Respectfully submitted this __4th__ day of December, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _/s/ Karon V. Johnson_
KARON V. JOHNSON
Assistant U.S. Attorney

5

# REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File / Related Files | 3. File No. RB-05-0011 | 4. G-DEP Identifier WGA3I |
|---|---|---|---|
| 5. By: S/A Paul Griffith At: Guam Resident Office | ☒ CS-04-116472 ☐ ☐ ☐ ☐ | 6. File Title CALVO, Duane | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | 8. Date Prepared 02-22-2005 | |

9. Other Officers: S/A Jon Anderson, TFO John Aguon

10. Report Re: A/Acq. of Exhibit N-3 on 02-18-2005.

## DETAILS

1. Reference is made to a DEA-6 written to this case file by S/A Paul Griffith on February 22, 2005 regarding the arrest of Duane CALVO, John Troy SANTOS and Raymond CALVO on February 18, 2005.

2. As part of his post arrest debriefing, Duane CALVO advised that the crystal methamphetamine (ice) that he had negotiated to purchase from CS-04-116472, hereafter referred to as the CS, was going to be distributed in part to a subject identified as Louis Holcog CRUZ. Duane CALVO stated he had spoken to CRUZ during the early morning hours of February 18, 2005 and had advised that he was seeking to purchase a large quantity of ice.

3. In an effort to possibly further this investigation in the future, Duane CALVO agreed to place a telephone call to CRUZ's cellular telephone identified as 671-689-4534 at approximately 4:40 p.m. Duane CALVO advised CRUZ that the ice was of poor quality and that he did not purchase any of the product. Duane CALVO advised CRUZ he would contact him when he had acquired an alternate source of ice. This conversation was recorded by S/As Paul Griffith and Jon Anderson who subsequently labeled the recording as Exhibit N-3.

| 11. Distribution: Division District Other | 12. Signature (Agent) S/A Paul Griffith | 13. Date 03-03-05 |
|---|---|---|
| | 14. Approved (Name and Title) Jeffrey R. Silk Resident Agent in Charge | 15. Date 3/4/05 |

DEA Form - 6
(Jul. 1996)
psg
3 - Originating Office

**DEA SENSITIVE**
Drug Enforcement Administration

EXHIBIT 1

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. RB-05-0011 | 2. G-DEP Identifier WGA3I |
|---|---|---|
| | 3. File Title CALVO, Duane | |
| 4. Page 2 of 2 | | |
| 5. Program Code | 6. Date Prepared 02-22-2005 | |

## CUSTODY OF EVIDENCE

### Non-Drug Evidence

1. Exhibit N-3 - is described as one compact disk containing a recording of a telephone conversation between Duane CALVO and Louis Holcog CRUZ utilizing 671-689-4354 on February 18, 2005 at approximately 4:40 p.m. by S/As Paul Griffith and Jon Anderson at the Guam Resident Office (GRO). On that same day, Exhibit N-3 was transferred to TFO Jon Aguon who initialed, signed, dated and sealed Exhibit N-3 and submitted it to the GRO Non-Drug Evidence Custodian for safekeeping.

## INDEXING SECTION

1. 1. CALVO, Duane Anthony - NADDIS #3863042.

2. CALVO, Raymond Gerard - NADDIS PENDING.

3. SANTOS, John Troy - NADDIS #3218279.

4. CRUZ, Louis Holcog - NADDIS PENDING.

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used.

Case 1:05-cr-00016  Document 110  Filed 12/04/2007  Page 7 of 17

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File  Related Files | 3. File No.  RB-03-0002 | 4. G-DEP Identifier  XNA3I |
|---|---|---|---|
| 5. By: S/A Jon Anderson  At Guam Resident Offfice | ☒ CS-04-116472 ☐ ☐ ☐ ☐ | 6. File Title  CHAN Kong kwok et. al. | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared  02/10/05 | |

9. Other Officers:
RAC Jeffrey A. Silk, S/A's Paul S. Griffith and Danny Cho.

10. Report Re: RECORDED CONVERSATION OF CS-04-116472, DUANE A. CALVO AND TROY SANTOS AND THE SEIZURE OF N-93 (RECORDING) ON 02/04/2005.

**DETAILS**

1. On February 04, 2005, at approximately 1:30 p.m., S/A Jon Anderson was contacted by CS-04-116472, hereafter referred to as CS and for the purposes of this report, the CS will also be identified as a male gender. The CS informed S/A Anderson that Duane A. CALVO was requesting to meet with him concerning the possibility of buying crystal methamphetamine (a.k.a. "ice"). The CS told S/A Anderson that CALVO usually is accompanied by his cousin, Troy SANTOS.

2. At 2:10 p.m., S/A's Anderson and Paul S. Griffith met with the CS in an area located in Tamuning, Guam and provided the CS with a transmitting device. When surveillance units were situated around the CS' residence, S/A Anderson directed the CS to contact CALVO on his cellular telephone number identified as 671.482.5001. S/A Anderson and Griffith were able to hear, via the transmitting device, the CS speak to someone concerning the meet with the CS.

3. At approximately 3:03 p.m., S/A Griffith activated the recording device after agents hear the CS invite subjects into his residence. S/A Danny Cho contacted S/A's Anderson and Griffith stating that two male subjects and a small child approached the CS' residence and enter the residence. The subjects were identified as CALVO and SANTOS by their voices which were familiar to S/A Anderson.

4. While inside the CS' residence, CALVO and SANTOS were overheard by the listening agents asking the CS for his help in obtaining "ice" from Hong

| 11. Distribution:  Division  LAFD  District  Other  SARI/NN | 12. Signature (Agent)  S/A Jon Anderson | 13. Date  02/11/2005 |
|---|---|---|
| | 14. Approved (Name and Title)  RAC Jeffrey A. Silk | 15. Date  02/11/2005 |

DEA Form  - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION *(Continuation)* | 1. File No. RB-03-0002 | 2. G-DEP Identifier XNA3I |
|---|---|---|
| | 3. File Title CHAN Kong kwok et. al. | |
| 4. Page 2 of 2 | | |
| 5. Program Code | 6. Date Prepared 02/10/05 | |

Kong. The CS explained to the two that a cash down payment is required by the CS' contact in Hong Kong before an order of "ice" is placed. CALVO was overheard by the agents that he will be able to secure at least $5,000.00 for an initial down payment. The two men discussed with the CS the quality of the "ice" and how the "ice" was to be smuggled to Guam. The men asked the CS if the "ice" was already prepared for delivery to their customers or will the "ice" be in a liquefied form and be processed when it arrives on the island. The CS told the men that the "ice" will already be made for delivery when it arrives on Guam. The CS did ask the men if they preferred to convert the liquid crystal methamphetamine into "ice". The men said they rather have the "ice" already prepared because they are unaware of how to convert it to "ice". The CS was previously instructed by S/A Anderson to tell the men that there would be no problems with the "ice" delivery as long as a cash down payment is secured. The men departed the residence after the "ice" negotiation ended with the CS.

## CUSTODY OF EVIDENCE

**NON-DRUG EXHIBIT N-93:** One original Sony brand Bianca 80-minute recordable minidisk with conversations between CS-04-116472, Duane A. CALVO and Troy SANTOS on 02-04-2005 at 3:03 p.m. S/A Jon Anderson seized N-93 as evidence and maintained custody of N-93 until it was placed in the DEA GRO Evidence Room by S/A Paul S. Griffith on 02-11-2005.

## INDEXING

1. CALVO, Duane A.; NADDIS #3863042.

2. SANTOS, Troy; NADDIS #3218279.

DEA Form - 6a
(Jul. 1996)
Previous edition dated 8/94 may be used.

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

**U.S. Department of Justice**
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 5

| 1. Program Code | 2. Cross File  Related Files | 3. File No. RB-05-0011 | 4. G-DEP Identifier WGA3I |
|---|---|---|---|
| 5. By: S/A Paul Griffith  At: Guam Resident Office | ☒ RB-03-0002  ☒ CS-04-116472  ☐  ☐  ☐ | 6. File Title CALVO, Duane | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared 02-22-2005 | |
| 9. Other Officers: See paragraph #16 | | | |
| 10. Report Re: A/Surveillance, arrest of Duane CALVO, Raymond CALVO and John SANTOS, acq. of Ex 1, Ex N-1 and N-2. | | | |

## SYNOPSIS

On February 18, 2005 GRO agents arrested Duane CALVO, Raymond CALVO and John SANTOS in furtherance of a reverse operation involving two kilograms of "look alike" crystal methamphetamine. Exhibit 1 and Exhibit N-1 and N-2 were acquired as a result.

## DETAILS

1. On February 18, 2005 at approximately 9:00 a.m., CS-04-116472, hereafter referred to as the CS, met with S/A Paul Griffith and Jon Anderson at the Holiday Inn Hotel, 871 Pale San Vitores Road, Room #1143, Tumon, Guam in reference to a proposed reversal of two kilograms of crystal methamphetamine (ice) involving Duane CALVO, John SANTOS and Raymond CALVO.

2. Prior to the operation, GRO personnel placed four translucent plastic bags (each bag containing approximately ½ kilograms of "look alike" crystal methamphetamine for a total of approximately two (2) kilograms) into a small black bag. The four plastic bags as well as the small black bag were labeled as Exhibit N-1. The black bag was then placed on a bed located in Room #1143.

3. An inventory of the CS's personal belongings was conducted by IRS S/A Beverly Ida prior to the operation. The CS was not found to be in possession of any contraband or large sums of currency.

| 11. Distribution: Division  District  Other | 12. Signature (Agent)  S/A Paul Griffith | 13. Date  2-22-05 |
|---|---|---|
| | 14. Approved (Name and Title)  Jeffrey R. Silk  Resident Agent in Charge | 15. Date  2/23/05 |

DEA Form - 6
(Jul. 1996)

psg
1 - Prosecutor

**DEA SENSITIVE**
Drug Enforcement Administration

EXHIBIT 2

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Case 1:05-cr-00016  Document 110  Filed 12/04/2007  Page 10 of 17

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. RB-05-0011 | 2. G-DEP Identifier WGA3I |
|---|---|---|
| | 3. File Title CALVO, Duane | |
| 4. Page 2 of 5 | | |
| 5. Program Code | 6. Date Prepared 02-22-2005 | |

4. At approximately 9:45 a.m. on that same day, the CS telephonically contacted Duane CALVO at telephone number (671) 482-5001 to advise that the "merchandise" was ready. The CS inquired as to whether Duane CALVO had any money. Duane CALVO advised that he had been attempting to find a source to loan money from since 7:30 a.m. but had been unable to find any. Duane CALVO advised he would contact the CS in a few minutes. This conversation was monitored by S/A's Griffith and Anderson.

5. At approximately 10:25 a.m., the CS telephonically contacted Duane CALVO at telephone number (671) 482-5001 to inquire as to his whereabouts. Duane CALVO advised he was at the Micronesia Mall and was unable to gather any money but was going to check with his cousin at the Gameworks to see if he could lend him $3000.00. This telephone call was monitored by S/A's Griffith and Anderson.

6. At approximately 10:55 a.m., the CS again telephonically contacted Duane CALVO at telephone number (671) 482-5001 regarding his whereabouts. Duane CALVO stated he again was unable to gather any money. The CS advised Duane CALVO to travel to the Holiday Inn Hotel and to call him/her once in the lobby.

7. At approximately 11:10 a.m., TFO Frank Santos observed a 1999 Nissan Maxima, Guam license UMA 1863, registered to John Troy SANTOS, 1142 Cross Island Road, Santa Rita, Guam enter the parking lot of the Holiday Inn. TFO Santos observed that the vehicle was occupied by three male subjects; one of which wore a red and white stripped shirt, one wearing a red shirt and one wearing a blue shirt. TFO Santos observed the three subjects exit the vehicle and walk into the hotel.

8. At approximately 11:15 a.m., Duane CALVO telephonically contacted the CS, advising the he was in the hotel lobby. The CS instructed Duane CALVO to meet with him/her in Room #1143. At approximately the same time, TFO Ray Renguul observed the three subjects walk to the elevator.

DEA Form - 6a (Jul. 1996)
DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Case 1:05-cr-00016   Document 110   Filed 12/04/2007   Page 11 of 17

U.S. Department of Justice
Drug Enforcement Administration

| | 1. File No. RB-05-0011 | 2. G-DEP Identifier WGA3I |
|---|---|---|
| **REPORT OF INVESTIGATION** *(Continuation)* | 3. File Title CALVO, Duane | |
| 4. Page 3 of 5 | | |
| 5. Program Code | 6. Date Prepared 02-22-2005 | |

9. At approximately 11:20 a.m., agents occupying an adjacent room observed Duane CALVO enter Room #1143. Also observed entering the room was a subject previously identified as John Troy SANTOS as well as a third unidentified male.

10. The CS advised all three subjects that he/she had told the "guy" that they had the money. The CS then motioned to Duane CALVO to have a look at the ice. The CS removed one plastic bag containing ice from a small black bag which had been previously placed on the bed. The CS stated that "they" (source of supply) only gave her "two" (two kilograms) and asked Duane CALVO to take a look. The CS handed the plastic bag to Duane CALVO who visually examined its contents. Duane CALVO responded by advising the CS by stating "you're good".

11. The CS advised the three subjects that during prior transactions, "they" gave it to you (Duane CALVO) for $175,000.00 (price for one kilogram of ice) but now would sell it for $70,000.00 (price per pound of ice). The CS inquired as to how much the three subjects would sell the "ice" for to which Duane CALVO advised it depended on the quality. The CS stated that there was no need to test it as it was good and that "they" (suppliers) needed the money quickly.

12. Duane CALVO advised that they had been out looking for money since 7:00 a.m. and had told the proposed buyer that their friend (CS) has "it" (ice) already.

13. The CS advised that he/she would need to meet with the "supplier" to discuss the money issue but would return. The CS subsequently exited the hotel room. Agents affected the arrest of Duane CALVO, John SANTOS and the third subject identified as Raymond CALVO at approximately 11:25 a.m. An audio/video recording of this operation was labeled as Exhibit N-2.

14. All three subjects were subsequently transported to the GRO for processing. During a search incident to the arrest of John SANTOS, S/A Griffith recovered a small zip-lock bag containing a crystalline substance from his front pant pocket. A field test of the substance

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Case 1:05-cr-00016   Document 110   Filed 12/04/2007   Page 12 of 17

Previous edition dated 8/94 may be used

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. RB-05-0011 | 2. G-DEP Identifier WGA3I |
|---|---|---|
| (Continuation) | 3. File Title CALVO, Duane | |
| 4. Page 4 of 5 | | |
| 5. Program Code | 6. Date Prepared 02-22-2005 | |

indicated a positive presence of methamphetamine. This exhibit was subsequently labeled as Exhibit 1.

15. All three subjects confessed to their involvement regarding the attempt to purchase crystal methamphetamine (see Post Arrest Debriefings of CALVO, CALVO and SANTOS).

16. Other Agents/Officers: DEA RAC Jeff Silk, S/A Jon Anderson, TFO John Aguon, TFO Frank Santos, TFO Ray Renguul, TFO Dwayne Stephen, FBI S/A Chris Hoffman, FBI S/A Ken Klocke, IRS S/A Beverly Ida, IRS S/A Tai Lee and USPS S/A Craig Hales.

## CUSTODY OF EVIDENCE

### Drug Evidence

1. Exhibit 1 - is described as approximately .4 gross grams of crystal methamphetamine contained within a plastic zip-lock bag. On February 18, 2005 S/A Paul Griffith recovered Exhibit 1 from the front pant pocket of John Troy SANTOS as a result of a search of his person incident to arrest at the Holiday Inn Hotel, 871 Pale San Vitores Road, Tumon, Guam. S/A Griffith, as witnessed by S/A Jon Anderson, transported Exhibit 1 to the GRO for processing. On the above date, S/A Griffith, initialed, signed, dated and sealed Exhibit 1 as witnessed by S/A Anderson. S/A's Griffith and Anderson placed Exhibit 1 in the Temporary Overnight Drug Drop for safekeeping. On February 22, 2005 S/A's Griffith and Anderson removed Exhibit 1 from the Temporary Overnight Drug Drop and mailed it to the Southwest Regional Laboratory for analysis via Fed Ex tracking number 8495 8184 9724.

### Non-Drug Evidence

1. Exhibit N-1 - is described as four translucent plastic bags; each containing approximately ½ kilogram of "look alike" crystal methamphetamine for a total of approximately two (2) kilograms. Exhibit N-1 was manufactured by the Southwest Regional Laboratory and received by S/A Paul Griffith at the GRO on February 7, 2005.

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used.

Case 1:05-cr-00016   Document 110   Filed 12/04/2007   Page 13 of 17

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. RB-05-0011 | 2. G-DEP Identifier WGA3I |
|---|---|---|
| | 3. File Title CALVO, Duane | |
| 4. Page 5 of 5 | | |
| 5. Program Code | 6. Date Prepared 02-22-2005 | |

S/A's Griffith and Anderson placed Exhibit N-1 into secured temporary storage pending its utilization. On February 18, 2005 Exhibit N-1 was placed into a small black bag and transported from the GRO to the Holiday Inn Hotel, 871 Pale San Vitores Road, Room #1143, Tumon, Guam by S/A's Griffith and Anderson. Upon completion of the operation, Exhibit N-1 was transported to the GRO by S/A's Griffith and Anderson for processing. S/A Griffith, as witnessed by S/A Anderson, initialed, signed, dated and sealed Exhibit N-1 and subsequently submitted it to the Non-Drug Evidence Custodian for safekeeping.

2. Exhibit N-2 – is described as one TDK 8mm video cassette tape containing an audio/visual recording of a meeting between CS-04-116472, Duane CALVO, Raymond CALVO and John SANTOS on February 18, 2005 at 871 Pale San Vitores Road, Room #1143, Tumon, Guam. On that same day, TFO Jon Aguon transported Exhibit N-2 to the GRO for processing where he, as witnessed by S/A Jon Anderson, initialed, signed, dated and sealed Exhibit N-2 and subsequently submitted Exhibit N-2 to the Non-Drug Evidence Custodian for safekeeping.

## INDEXING SECTION

1. CALVO, Duane Anthony – NADDIS #3863042. Associate of Raymond Gerard CALVO and John Troy SANTOS. Subject arrested on 02-18-2005 in Guam for attempted possession with intent to distribute two kilograms of crystal methamphetamine.

2. CALVO, Raymond Gerard – NADDIS PENDING – Associate of Duane Anthony CALVO and John Troy SANTOS. Subject arrested on 02-18-2005 in Guam for attempted possession with intent to distribute two kilograms of crystal methamphetamine.

3. SANTOS, John Troy – NADDIS PENDING – Associate of Duane Anthony CALVO and Raymond Gerard CALVO. Subject arrested on 02-18-2005 in Guam for attempted possession with intent to distribute two kilograms of crystal methamphetamine.

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used.

Case 1:05-cr-00016  Document 110  Filed 12/04/2007  Page 14 of 17

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. RB-03-0002 | 4. G-DEP Identifier WNA3I |
|---|---|---|---|---|
| 5. By: NG Lisa Cruz  At: Guam Resident Office | ☐ ☐ ☐ | | 6. File Title CHAN, Kong Kwok et.al. | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | ☐ ☐ | | 8. Date Prepared 11/24/03 | |

9. Other Officers:

10. Report Re: Synopsis of Talley Sheets Found in Chan NGUYEN's Bedroom

### SYNOPSIS

On November 13, 2003, a search and seizure warrant was executed at the residence of CHAN Kong-kwok, Loan Thy-DANG and Chan NGUYEN. Recovered pursuant to that warrant were owe/tally sheets from CHAN NGUYEN's bedroom. The following is a synopsis of what was contained on those papers.

### DETAILS

1. The following is a synopsis of what was contained in documents (owe/talley sheets) recovered from Chan NGUYEN's bedroom:

Vince

| | | | | |
|---|---|---|---|---|
| 8/1/03 | 50 | = | 11,250 | $4,250 paid |
| 8/3/03 | 200 | = | 45,000 | $21,000 paid |
| 8/6/03 | 300 | = | 67,500 | $31,345 |
| | | | | $23,510 |
| | | | | 54,855 paid |
| 8/16/03 | 400 | | | 10,000 paid |
| | | | | 10,000 paid |
| | | | | 8,780 paid |
| | | | | 11,770 paid |

| 11. Distribution:  Division LAFD  District  Other SARI, NN | 12. Signature (Agent)  NG Lisa Cruz | 13. Date 11-24-2003 |
|---|---|---|
| | 14. Approved (Name and Title)  Jeffrey Silk  Guam Resident Office | 15. Date |

DEA Form -6
(Jul. 1996)
   LC

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

EXHIBIT 3

**U.S. Department of Justice**
**Drug Enforcement Administration**

# REPORT OF INVESTIGATION
*(Continuation)*

| 1. File No. RB-03-0002 | 2. G-DEP Identifier WNA3I |
|---|---|
| 3. File Title CHAN, Kong Kwok et.al. | |

4. Page 2 of 3

5. Program Code

6. Date Prepared 11/24/03

---

8/29/03    100            lay lai
               100

Duinn

~~8/19/03  100                lay lai            NOX~~

9/01/03    50 ⎫
                   paid = $7,700 + 9,500 + 7,800 = $25,000
9/22/03    50 ⎭

                   ($10,085 + $1900 + 10,300)      P

10/03/03    100   ( )  P

10/17/03    100

Ketty

              → 13,750 − 8,600 = 5,150 − 1210      [$4,900]

9/02/03    50
               paid $2,250 + 3,750 + 2,600     ($8,600) + 1,200    P

10/03/03    50      =     13,175 ⎫
10/18/03    50      =     12,500 ⎭

10/23/036    50     Jose   (P)    13,750

($5,200)     [$10,000 paid]             can lai    $3750

Paper torn out of the notebook stated

     To Mina    −    $4,000 ⎫
     Keat       −    $2,000 ⎪
     House Rent   −               $1,200
$10,200
     Chauk     −    $3,000 ⎭

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION
*(Continuation)*

| 1. File No. | 2. G-DEP Identifier |
|---|---|
| RB-03-0002 | WNA3I |

3. File Title: CHAN, Kong Kwok et.al.

4. Page 3 of 3

5. Program Code

6. Date Prepared: 11/24/03

Ra Alan lay $2,000 sent Cho Chi Hong $1,600 + Tieu Xe Caa Keuf $250

$25,000         Duinn
$6,350          Ketty -   3,750 + 2,600        6,350

```
  $31,350
 -10,200
  $21,150
```

$600 + 240 + 500 + 500 + 2000 + 710 + 3000


INDEXING

1. CHAN, Kwok Kong, a.k.a. Ken CHAN - NADDIS#-4314371.

2. DANG, Thu Loan Thai - NADDIS#-5577330.

3. NGUYEN, CHAN - NADDIS# -5577243

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.