

duanecalvo.rsp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB 26 2008
JEANNE G. QUINATA
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
DUANE ANTHONY CALVO,
Defendant.

CRIMINAL CASE NO. 05-00016

**GOVERNMENT'S MEMORANDUM CONCERNING DEFENDANT'S GUILTY PLEA**

On April 22, 2005, the defendant pled guilty to possession with intent to distribute two kilograms of methamphetamine hydrochloride (ice). A copy of the hearing is attached hereto. "Ice" is a term of art: Guidelines § 2D1.1 Note C provides that ice is a mixture of substance containing d-methamphetamine hydrochloride of at least 80% purity.

Defendant is playing games with this Honorable Court. Although he asserts in his response to the court's order filed February 22, 2008, that he does not want to withdraw his guilty plea, he will contest "any drug quantity above 50 grams," and "any drug purity resulting in a drug quantity above 50 grams" which the government seeks to attribute to defendant. Defendant pled guilty to two kilograms of ice. Any attempt to dispute this quantity or purity constitutes a *de facto* attempt to withdraw his guilty plea.

As more fully briefed in its memorandum filed December 4, 2007, the government has a right to a jury trial, where it can present its proof that defendant attempted to possess with intent to distribute two kilograms of ice. Defendant formerly pled guilty to that amount and purity, thus obviating the need for a trial. If he now disputes the drug quantity and purity, an evidentiary hearing before the sentencing court is not legally sufficient. This issue must be decided by a jury, beyond a reasonable doubt, because the quantity and purity would affect the maximum sentence defendant is facing. United States v. Toliver, 351 F.3d 423 (9th Cir. 2003), *citing* Apprendi v. New Jersey, 530 U.S. 466 (2004). Here, 21 U.S.C. § 841(b)(1)(A)(viii) prescribes a maximum term of life imprisonment for dealing in more than 50 grams of ice, but the maximum penalty for 50-500 grams of less pure methamphetamine is only 40 years, 21 U.S.C. 841(b)(1)(B)(viii).

Given defendant's guilty plea, the only sentencing issue before this court is whether the two kilograms he attempted to possess accurately reflected the extent of his former drug trafficking with Kimmie Dang, i.e., what defendant characterizes as "sentencing entrapment."

If defendant does not file a statement directly acknowledging that he is guilty as charged, i.e., to attempting to possess with intent to distribute two kilograms of methamphetamine hydrochloride of at least 80% purity, this court should treat this refusal as a motion to vacate his guilty plea, and set a trial date accordingly.

RESPECTFULLY SUBMITTED this 26th day of February, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: [signature]
KARON V. JOHNSON
Assistant U.S. Attorney

**IN THE DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

* * *

FILED
DISTRICT COURT OF GUAM
MAY - 9 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES OF AMERICA, Plaintiff,

vs.

DUANE ANTHONY CALVO, Defendant.

**COURT OF APPEALS CASE NO. 06-10118**

CRIMINAL CASE NO. CR05-00016

TRANSCRIPT OF PROCEEDINGS

BEFORE

THE HONORABLE JOAQUIN V. E. MANIBUSAN, JR.

Magistrate Judge

**CHANGE OF PLEA HEARING**

**FRIDAY, APRIL 22, 2005**

US Attorney's Office
Districts of Guam & NMI
MAY 09 2006
Time
Receiving name
Date keyed in Dbase
Entered into Dbase by:



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 3 of 17

**APPEARANCES:**

FOR THE PLAINTIFF:

UNITED STATES ATTORNEY'S OFFICE
BY: KARON V. JOHNSON, Esq.
ASSISTANT UNITED STATES ATTORNEY
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910

FOR THE DEFENDANT:

OFFICE OF THE
FEDERAL PUBLIC DEFENDER
BY: MS. KIM SAVO, Esq.
Asst. Federal Public Defender.
First Hawaiian Bank Building
Mongmong, Guam 96910



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 4 of 17

HAGATNA, GUAM; FRIDAY, APRIL 22, 2006; 1:49 P.M.

* * *

THE CLERK: Criminal case 05-00016, United States of America versus Duane Anthony Calvo, change of plea.

Counsel, please state your appearances.

MS. JOHNSON: Good afternoon, Your Honor, Karon Johnson for the United States.

MS. SAVO: Good afternoon, Your Honor, Kim Savo from the Federal Public Defender on behalf of Duane Calvo, who is present before the Court.

THE COURT: All right, please be seated.

Let the record indicate that the defendant is present before the Court.

All right, Mr. Calvo, sir, you're here before the Court this afternoon to enter a change of plea to the charge against you. Because the matter before the Court is a felony, under the laws of the United States, you have the right to have your case heard by a District Judge. However, if you consent, you can enter your plea before me, a United States magistrate judge.

In that regard let the record indicate that the defendant, Mr. Duane Calvo, has executed a consent to Rule 11 plea in a felony case before a United States magistrate judge, signed by the defendant, dated today,



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 5 of 17

April 22nd, signed by his attorney, Ms. Kim Savo, and approved by the government, Ms. Karon Johnson.

Based upon the consent, the Court finds that the defendant has consented to enter his plea before a United States magistrate judge.

Now, Mr. Calvo, the Court will be asking you certain questions, sir, and the Court will be asking you questions to determine that your plea that you are making is knowing and also voluntary on your part, and also that there be a factual basis for your plea. So if I ask you questions and you don't understand any question, please feel free to consult with your attorney. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. At this time let me ask that you be placed under oath then for purposes of the plea itself.

THE CLERK: Please raise your right hand.

DUANE ANTHONY CALVO,

defendant herein, was first duly sworn and testified as follows:

THE CLERK: Please state your full name and spell your last name for the record.

THE DEFENDANT: Duane Anthony Calvo, C-A-L-V-O.

E-X-A-M-I-N-A-T-I-O-N

BY THE COURT:

Q. All right. Mr. Calvo, could you tell the Court, sir, how old are you?

A. 29, sir.

Q. And can you tell me how far you've gone in school in terms of your education?

A. 12th grade.

Q. And before coming to court today, did you take any type of medication or anything that would prevent you from understanding what is going on here in court this afternoon?

A. No, sir.

Q. And do you feel well and alert and able to make informed decisions about your case this afternoon?

A. Yes, sir.

Q. Do you know of anything else that might prevent you from understanding what's happening here?

A. No, sir.

Q. Now let me ask you then, have you received a copy of the indictment in this case, and have you discussed the charge contained therein with your attorney?

A. Yes, sir.

Q. And are you satisfied with the representation

that you have received from your attorney?

A. Yes, sir.

Q. All right. Let the record indicate that you are making a plea today without the benefit of a plea agreement; you understand that?

A. Yes, sir.

Q. And in that regard, let me ask you, has anyone made any promise or assurance of any kind to you in an effort to induce you to plead guilty here today.

THE DEFENDANT: May I call my lawyer? Can I talk to --

THE COURT: Yes.

(Pause to confer with counsel.)

THE DEFENDANT: No, sir.

THE COURT: Okay.

Q. And has anyone threatened you or forced you to plead guilty here today?

A. No, sir.

Q. Okay. Now you understand that if you are convicted in this case you may be losing valuable civil rights; you understand that?

A. Yes, sir.

Q. All right. Let me discuss with you then at this point the maximum penalties that you will be facing by pleading guilty here. Because the offense

involves the amount of ice you are facing a mandatory minimum of ten years imprisonment, and a maximum of life imprisonment. Also, it involves a four million dollar fine, a $100 special assessment fee, which must be paid at the time of sentencing. Also, it includes at least five years of supervised release, and if you the defendant violate a condition of supervised release, you may face an additional five years of imprisonment. Do you understand that?

A. Yes, sir.

MS. JOHNSON: Your Honor, if I may, we have filed a notice, an information pursuant to 21 USC 851 alleging that the defendant has another prior conviction for a drug offense. And so --

THE COURT: Okay, so that would increase the penalties.

MS. JOHNSON: Yes, 20 years.

THE COURT: All right.

Q. Now the government has informed me that because of a filing that they have done in this matter showing a prior conviction, then the mandatory minimum would be 20 years instead of the 10; so do you understand that?

A. Yes, sir.

THE COURT: Thank you.



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 9 of 17

And also, I think the fine is doubled?

MS. JOHNSON: I think it's up to eight million, isn't it?

(Pause.)

THE COURT: All right. So let me go over it with you again.

Q. Based on what the government has informed the Court of a prior conviction which it has filed herein, it has changed everything. Let me now inform you of what the maximum sentence is for your case. It's a mandatory minimum of 20 years imprisonment, a maximum of life imprisonment, it's an eight million dollar fine, a one hundred dollars special assessment fee, and at least ten years of supervised release. And if you violate a condition of that supervised release, you may face up to that ten years. You understand that?

A. Yes, sir.

Q. Okay. Now let me then discuss with you the sentencing guidelines. The United States Sentencing Commission has issued guidelines for judges to use in determining the sentence in a particular criminal case. The United States Supreme Court has recently ruled that these guidelines are advisory for these judges. However, most District Judges still continue to use the guidelines for purposes of imposing sentence.

Now, have you and your attorney discussed how those guidelines might affect your case?

(Pause to confer with counsel.)

A. Yes, sir.

Q. Okay. And you understand that the Court will not be able to determine the advisory guidelines sentence in your case until after a presentence report has been completed, you and the government have made objections to that report, and the application of the guidelines as recommended by the probation officer; you understand that?

(Pause to confer with counsel.)

A. Yes, sir.

Q. All right. And do you also understand that the sentence that the District Judge would impose may be different from what you and your attorney may have discussed and estimated; do you understand that?

A. Yes, sir.

Q. Okay. Now let me advise you also that parole has been abolished in the federal system, so if you are sentenced, you cannot go to a parole board and ask to be released earlier; do you understand that?

A. Yes, sir.

Q. At this time then let me discuss with you the rights that you're waiving by pleading guilty. Now you

have the right to plead not guilty to this offense and to persist in a not guilty plea. You would then have a right to a trial by a jury; at that trial you would be presumed innocent and the government would have to prove your guilt beyond a reasonable doubt.

You would have the right to the assistance of an attorney for your defense; you would have the right to see and hear all the witnesses testify, and have your attorney cross-examine them in your defense. You would have the right on your own part to decline to testify unless you voluntarily elected on your own behalf to so testify. You would be entitled to the issuance of subpoenas to compel the attendance of witnesses to testify in your defense.

Also, should you decide not to testify or not to put on any evidence, those things could not be used against you at that trial. You understand that?

A. Yes, sir.

Q. You also understand that should you be found guilty after a trial, you would have the right to appeal that conviction to a higher court, and if you were unable to pay for the cost of an appeal, the government would pay for those costs; do you understand that?

A. Yes, sir.



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 12 of 17

Q. By pleading guilty here today, however, you are waiving your right to a jury trial and all of those other rights that I have stated to you. Do you understand that?

A. Yes, sir.

Q. Also, by pleading guilty here today you're waiving your right to remain silent, that's because the Court may ask you to assent or confirm a set of conduct on your part which would be conduct which constitutes the commission of the crime that you're pleading guilty to; you understand that?

A. Yes, sir.

Q. All right. At this time let me discuss with you then the elements for the offense that you're pleading guilty to. The essential elements are:

That you, the defendant, intended to possess approximately two kilograms net weight of methamphetamine hydrochloride, with the intent to deliver it to another person; and secondly, you the defendant, did something which was a substantial step toward committing the crime, with you basically admitting as to what conduct on your part constituted that substantial step.

You understand that these are the essential elements of the offense?



Case 1:05-cr-00016 Document 116 Filed 02/26/2008 Page 13 of 17

A. Yes, sir.

THE COURT: Does counsel disagree?

MS. SAVO: No, Your Honor.

THE COURT: All right. Now, with regards to conduct on your part which would constitute commission of the offense, do you wish to provide the Court a statement, or do you wish to have the government provide the Court what it would have proved in this case?

MS. SAVO: Your Honor, we tend, make the following factual assertions to satisfy the elements.

THE COURT: All right.

MS. SAVO: One, that Mr. Calvo made phone calls to the confidential informant in this case known to Mr. Calvo as Kimmie, arranged with her to pick up the ice from a hotel room, he then proceeded to that hotel where he attempted to purchase the ice, which he had the intent to distribute.

THE COURT: Okay. Ms. Johnson?

MS. JOHNSON: Yes, Your Honor, the stipulation must include the fact that the quantity was two kilos.

THE COURT: Okay.

MS. SAVO: That's fine, Your Honor.

THE COURT: All right. Sir, is everything that has been represented to the Court and as also

stated to the Court by the government true and correct?

THE DEFENDANT: Yes, it is, sir.

THE COURT: All right. At this time then, let me ask you, how do you wish to plead to the indictment, which charges you with attempted possession with the intent to distribute methamphetamine hydrochloride, guilty or not guilty?

THE DEFENDANT: Guilty, sir.

THE COURT: All right. The Court, after having examined the defendant in this matter, Duane Anthony Calvo, makes a finding that the defendant is fully competent and capable of entering an informed plea, that his plea of guilty to attempted possession with intent to distribute methamphetamine hydrochloride is knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. The Court is hereby signing the report and recommendation concerning plea of guilty pursuant to Rule 11(e)(3)(B) of the Federal Rules of Criminal Procedure.

The Court hereby recommends that the defendant, Duane Anthony Calvo, be adjudged guilty and have sentence imposed later on by the District Judge.

The Court is signing the report and recommendation. And the Court advises the parties that

objections to the report and recommendation are waived unless filed within ten days period.

And at this time the Court will set this matter for a status hearing?

MS. SAVO: Yes, that will be preferred, Your Honor.

THE COURT: All right. The status hearing will be on August 1st, at 10:00 in the morning.

And the Court will release the defendant, order him to appear August 1st at 10:00 for a status hearing, and release him on the same terms and conditions.

Any other matters that need to be addressed?

MS. JOHNSON: Nothing, thank you.

MS. SAVO: Nothing further, Your Honor. Thank you.

THE COURT: Counsel, thank you very much then for being here this afternoon.

(Proceedings concluded at 2:05 p.m.)

* * *

CERTIFICATE OF REPORTER

CITY OF AGANA )
) ss.
TERRITORY OF GUAM )

I, Wanda M. Miles, Official Court Reporter of the District Court of Guam, do hereby certify the foregoing pages 1-14, inclusive, to be a true and correct transcript of the digital recording made of the within-entitled proceedings, at the date and time therein set forth.

Dated this 8th day of May, 2006.

Wanda M. Miles
_____________________________