ORIGINAL

LUJAN AGUIGUI & PEREZ LLP
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297

*Attorneys for Defendant Duane Anthony Calvo*

**FILED**
DISTRICT COURT OF GUAM

MAR 2 8 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>DUANE ANTHONY CALVO,<br><br>Defendant. | CRIMINAL CASE NO. CR05-00016<br><br>DEFENDANT'S SUPPLEMENTAL RESPONSE TO COURT'S FEBRUARY 13, 2008 ORDER AND THE GOVERNMENT'S MEMORANDUM CONCERNING DEFENDANT'S GUILTY PLEA |

Provided this Court grants the Defendant leave to supplement his earlier filed response to this Court's February 13, 2008 Order, Defendant supplements his response as follows:

**I. The Defendant does not request withdrawal of his guilty plea.**

The Defendant does not request withdrawal of his guilty plea. However, he asserts that drug quantity is an issue which must be resolved at the sentencing hearing. The Defendant pled guilty without the benefit of a plea agreement to the indicted charge, Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A)(viii), and 846. The Indictment charged the Defendant with "...unlawfully and knowingly attempt[ing] to possess with intent to distribute *approximately* two kilos net weight of methamphetamine hydrochloride..." The Indictment failed to establish a specific drug quantity

or purity. Even the Defendant's Counsel's statements at the change of plea hearing failed to establish a drug quantity higher than 50 grams. At the change of plea hearing the Government stated: "...the stipulation must include the fact that the quantity was two kilos..." The Defendant's Counsel stated "That's fine, Your Honor..." (Change of Plea transcript, 12:20-21, 23). The minimum applicable drug quantity under this statute is 50 grams or more of methamphetamine. This is the drug quantity which must be attributed to the Defendant at sentencing absent evidentiary proof by the Government. Under the sentencing guidelines, the base offense level for 50 grams of methamphetamine is 32. U.S.S.G. 2D1.1.

The Defendant pled guilty to the indictment and the specific elements and facts contained therein. This does not mean that the Defendant must vacate his guilty plea and go to trial. Nor can the Government demand he do so. Instead, the Government must present evidence at the sentencing hearing to support its claims concerning the appropriate drug quantity.

**II.     The drug quantity issue requires an evidentiary hearing.**

Because a drug quantity above 50 grams has never been established by the Government, this is the drug quantity which must be attributed to the Defendant unless the Government provides sufficient proof of a higher amount. The Indictment does not specify a precise drug quantity; only an approximate quantity. When the Defendant pled guilty to the Indictment, he pled to an approximate quantity of a drug with an unstated purity. Consequently, the burden of proving drug quantity is on the Government.

This is not a novel issue. The original sentencing Court expressed concern about arbitrarily attributing a two kilogram drug quantity to the Defendant in this case. At the sentencing hearing the Court itself noted the following: (1) there is no actual transaction of

Page 2 of 5
*United States of America v. Duane Anthony Calvo;*
District Court Criminal Case No. CR05-00016
**Defendant's Supplemental Responses to Court's February 13, 2008 Order and the Government's Memorandum Concerning Defendant's Guilty Plea**
Case 1:05-cr-00016   Document 124   Filed 03/28/2008   Page 2 of 5

methamphetamine but instead *look alike* methamphetamine (Sentencing Transcript, ST23: 6-19); (2) there was no consummated drug transaction (ST24: 16-17); (3) that the drug quantity [of two kilograms being attributed to the Defendant] seemed *subjective* and *arbitrary* (ST25: 1-8); (4) it just seems that there's a certain *arbitrariness* when the amount of the drug dictates the penalty, and the amount originates with law enforcement (ST23: 16-19).

The sentencing Court itself seemed to express that the appropriate quantity to attribute to the Defendant was 50 grams when it noted the following. When asked by the sentencing Court whether there was any question in his mind that Dang told the DEA that she had on several occasions delivered more than 50 grams to Calvo, Van de Veld, Calvo's sentencing counsel responded, "No, Your Honor." (ST31:6-10). The sentencing Court continued, "but if you [Van de Veld] don't disagree that she had multiple liaisons with Mr. Calvo, and that they involved a drug quantity of 50 grams or more, then seems to me that answers the question that I had." (ST31: 19-23). The sentencing Court continued further, "Then I hope you [Van de Veld] agree, I don't think we need an evidentiary hearing at this point," to which Van de Veld responded, "And the amount of 50 grams is consistent with what my recollections are of Ms. Dang…had testified, or had provided information to the government concerning the activities." (ST32: 20-35:5).

At the original sentencing hearing, the Government itself was unable to even argue accurately the information purportedly obtained by Dang concerning the drug quantity which should be attributed to Calvo. The Government stated, "I think at one time [Dang] might have delivered 1.5, but I'm not certain about that. It's been several years since I've reviewed the deliveries made to him. (ST23: 2-5). The Government further stated that, "[Dang] did not keep

Page 3 of 5
*United States of America v. Duane Anthony Calvo;*
District Court Criminal Case No. CR05-00016
**Defendant's Supplemental Responses to Court's February 13, 2008**
**Order and the Government's Memorandum Concerning Defendant's**
**Guilty Plea**
Case 1:05-cr-00016   Document 124   Filed 03/28/2008   Page 3 of 5

accurate drug records. The first thing we do is see if we have pay-and-owe sheets, and we didn't." (ST27: 22-25).

However, this issue does not entitle the Government to a jury trial on the issue as it claims. In determining drug quantity at the sentencing hearing the Court must have an adequate basis for setting the drug quantity and must specify its basis when the facts are in conflict. *U.S. v. Miele*, 989 F.2d 659 (3d Cir. 1993), *U.S. v. Beler*, 20 F.3d (7th Cir. 1994). The government bears the burden of establishing quantity of drugs for purposes of calculating the Defendant's base offense level. The government must show by sufficient evidence that a particular drug and quantity is involved. *U.S. v. Williams*, 982 F.2d 1209 (8th Cir. 1992).

The drug quantity amount stated in the indictment is an *approximate* amount. Under the sentencing guidelines, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense," a district court may estimate the quantity of the drug. U.S.S.G. 2D1.1, Note 12. *U.S. v. Putney*, 906 F.2d 477, 479 (9th Cir. 1990). "Approximations of drug quantity must meet there criteria." *U.S. v. Kilby*, 443 F.3d 1135, 1141 (9th Cir. 2006). "First, …the government is required to prove the approximate quantity by a preponderance of the evidence…Second, …the information which supports an approximation must possess sufficient indicia of reliability to support its probable accuracy. Third, …the district court must err on the side of caution in calculating approximated drug quantity." *U.S. v. Chase*, 499 F.3d 1061, 1068 (9th Cir. 2007).

U.S.S.G 2D1.1 Note 12 further provides, "…*If…the Defendant establishes that the Defendant did not intend to provide or purchase, or was not reasonably capable of providing or purchasing, the agreed-upon quantity of the controlled substance, the* **court shall exclude from**

Page 4 of 5
*United States of America v. Duane Anthony Calvo;*
District Court Criminal Case No. CR05-00016
**Defendant's Supplemental Responses to Court's February 13, 2008**
**Order and the Government's Memorandum Concerning Defendant's**
**Guilty Plea**
Case 1:05-cr-00016    Document 124    Filed 03/28/2008    Page 4 of 5

*the offense level determination the amount controlled substance that the Defendant establishes that the defendant...was not reasonably capable of providing or purchasing."*

In the instant case, it cannot be disputed that the drug quantity at issue is an approximate amount. Additionally, the Government has adopted the facts contained in the PSR which specifically establish that Calvo was not capable of purchasing a two kilogram quantity of methamphetamine. Consequently, the Government bears the burden of proving the drug quantity in this case and is not entitled to a jury trial in attempting to do so.

### III. Other Issues Require an Evidentiary Sentencing Hearing

The issues of sentencing entrapment, cooperation credit, and other sentencing issues require the presentation of evidence.

Dated this 27th day of March, 2008.

                **LUJAN AGUIGUI & PEREZ** LLP

By: _____
      **PETER C. PEREZ, ESQ.**
      *Attorneys for Defendant Duane Anthony Calvo*

C-0077/661-00/0661/PCP/dmg

Page 5 of 5
*United States of America v. Duane Anthony Calvo;*
District Court Criminal Case No. CR05-00016
**Defendant's Supplemental Responses to Court's February 13, 2008 Order and the Government's Memorandum Concerning Defendant's Guilty Plea**
Case 1:05-cr-00016   Document 124   Filed 03/28/2008   Page 5 of 5