duanecalvo.motion

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00016 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES MOTION TO SET SENTENCING DATE** |
| DUANE ANTHONY CALVO, | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and moves this Honorable Court for an order setting a sentencing hearing on this case, for the reasons set forth below.

PROCEDURAL HISTORY

When this case was returned by the Ninth Circuit for resentencing, because of the irreconcilable conflict of former counsel, the court set the matter for August 30, 2007. It was

rescheduled to November 1, 2007, then to December 7, 2007, then to December 13, 2007, by stipulation of the parties, to January 17, 2008, then to February 25, 2008.

On February 13, 2008, this Honorable Court directed the defendant to file a statement whether he intended to withdraw his guilty plea. At the same time it vacated the February 25 sentencing date and set a status hearing for March 13, 2008, which was later continued to April 9. By memorandum filed February 27, 2008, the defendant has indicated he does not want to withdraw his guilty plea, but contends the relevant drug quantity is 50 grams net weight of methamphetamine.

A. The drug quantity does not affect defendant's sentence.

Although the government originally believed it was necessary to determine whether defendant wanted to withdraw his guilty plea, upon further consideration it believes the court has all the information it needs to proceed to sentencing. Whether the defendant pled guilty to attempting to possess with intent to distribute 50 grams, as opposed to 2,000 grams, is an academic argument of no moment to the outcome of this case. Because of his prior drug conviction, 21 U.S.C. 841(b)(1)(A)(viii) requires him to serve a mandatory minimum term of 20 years incarceration, and this is true whether he intended distribute 50 grams of methamphetamine or 5 million grams. The standard Guidelines calculations at USSG 2D1.1 (50-150 grams = level 32, over 1.5 kilos = level 38), are irrelevant because this 20-year penalty is prescribed by statute, and USSG 5G1.1(b) provides that the statutorily required minimum sentence is the Guideline sentence. Thus, the Guideline sentence for the defendant is 240 months incarceration, the equivalent of the 210-262 months provided by level 36.

The only relevance of a determination concerning drug quantity would be if such a finding would affect the degree of departure the court decided to award the defendant, if any. If the court would not be influenced by the weight of the sham defendant received, then a status hearing is unnecessary.

B.  The issue of a substantial assistance departure will be resolved at sentencing.

Because defendant's uncle enabled the GPD Violent Crimes task force to arrest a local drug manufacturer, Barbara Hunt, and because the government agreed to credit this arrest on a local charge as substantial assistance on behalf of the defendant, the court is not legally bound to impose a 240 month sentence. The sole issue remaining is how far should the court depart, if at all, from the 240 month term of incarceration required by law. This question cannot be resolved at a status conference, but rather only at sentencing.

C.  Sentencing entrapment.

Defendant has raised the issue of "sentencing entrapment," whether the 2,000 grams which Kimmie Dang proposed to deliver to defendant was an accurate representation of the amount he had sold on prior occasions, or whether it was inflated by law enforcement for the purpose of imposing a heavier sentence. As set forth above, defendant is facing 240 months incarceration, regardless whether he received 50 or 2,000 grams. If the court adopts his proposal, to proceed as if the amount is 50 grams, the sentencing entrapment issue is moot, because no one disputes that he was perfectly capable of selling 50 grams of ice.

Defendant does not contest that ¶¶ 26-29 of the presentence report accurately summarize his confession after his arrest: that he used to supply between $30,000 to $40,000 of ice daily to Melvin Warner; he used to supply Luis Hocog Cruz with a kilo of ice for between $300,000 to

3

$400,000; and that he had greatly profited from his ice trafficking. During the course of his activities, he had $178,000 stolen from various hiding places. In light of these activities, the distribution of 50 grams would be the work of an hour.

If the court rules that defendant pled guilty to 2,000 grams, the only government witness will be Kimmie Dang, who will testify to the amounts of ice defendant was moving for the Chan ring. This issue can only be resolved at sentencing, not at a status conference.

For all the reasons stated above, there is no point in holding a status conference. This matter should be set for sentencing.

Respectfully submitted this __18th__ day of April, 2008.

                                            LEONARDO M. RAPADAS
                                            United States Attorney
                                            Districts of Guam and NMI

By:    /s/ Karon V. Johnson
        KARON V. JOHNSON
        Assistant U.S. Attorney